June Term, 1861.

GOLLING
v.
HARDER.

PAINE, J., dissented.

GOLLING VS. HARDER.

Where a notice of appeal from the judgment of a justice of the peace has been duly served, with the affidavit required by law, the justice may, if he chooses, make his return to the appellate court of the testimony, proceedings and judgment in the cause, without requiring payment of his fees therein or of the state tax.

APPEAL from the Circuit Court for *Dodge* County.

The plaintiff in this action appealed from a judgment of a justice of the peace to the circuit court for Dodge county; and that court made an order dismissing the appeal on the ground that the costs of the justice in the action appeared by the transcript of his docket not to have been paid within the time limited by statute, but after that time; from which order the plaintiff appealed to this court.

*Smith & Ordway*, for appellant, argued that due service of the notice of appeal is sufficient to give the appellate court jurisdiction of the cause (*Van Heusen vs. Kirkpatrick*, 5 How. Pr. R., 422); and that the provision of sec. 205, chap. 120, R. S., requiring the appellant from a justice's court to pay the fees of the justice at the time of presenting to the justice a notice of his appeal, was enacted solely for the benefit of the justice himself, and he might, if he chose, waive the benefit of it and perfect the appeal by making the requisite return. Sec. 212, chap. 120, R. S.; Sedgwick on Const. Law, 422, 237–8, 284, 294; Smith's Comm., 782, 792–3.

*G. W. Hazelton*, for respondent, cited *Pelton vs. Town of Blooming Grove*, 3 Wis., 310; *Clark vs. Bowers*, 2 id., 123;

*Clark vs. Miles,* 2 Chand., 94; *People vs. Eldridge,* 7 How. Pr. R., 108; and contended that the right of appeal being statutory, the statute must be strictly complied with, and that it should be so construed as to discourage and not encourage litigation.

*By the Court,* DIXON, C. J.  If by section 205, chapter 120, R. S., the payment of the fees and tax might be considered jurisdictional facts, section 212 makes it clear that the legislature did not so intend.  That section declares that no justice shall be bound to make return unless the fee and tax prescribed by the act be paid on service of the notice of appeal.  This provision plainly implies that justices may, if they think proper, make return without such payment.  If they do so, the returns cannot be deemed unlawful.  Courts cannot declare that to be contrary to a statute, which its provisions impliedly authorize.  Whatever is fairly to be inferred from its language or provisions, as being within the intention of the legislature, is as much within its authority or prohibition as if expressly named and authorized or prohibited.

If the legislature had intended the payment of the fee and tax to be acts which must be performed in order to constitute an appeal, no such provision would have been inserted.  It would have been unnecessary and useless.  The service of the notice and presentation of the affidavit, without such payment, would have been void acts.  There would have been no appeal, and consequently could be no return.  By prescribing the power and duty of justices in case the fee and tax are not paid, and leaving it optional with them to make return or not, as they may think proper, the legislature have recognized the existence of the appeal independent of such payment.  The legislature having done so, we cannot do otherwise.  In this way effect is given to all parts of the act, which otherwise could not be done, and the clause requiring the fee and tax to be paid becomes a regulation designed to protect justices and ensure the collection of the revenue, and not an act without the performance of which the appeal cannot be perfected.  If therefore the justice vol-

untarily makes return, without requiring such payment, it is not a matter of which the opposite party can complain. His own fees are always subject to his control, and if he neglects his duty as to the tax, it rests with the public authorities to apply the proper remedy.

Order reversed.