MEAD, Respondent, vs. SIMPSON, Appellant.

*January 13—January 28, 1908.*

*Municipal courts: Appeals: Certification: Conditions: Fees: Failure to collect: Jurisdiction of circuit court.*

1. Ch. 286, Laws of 1899, creating the second municipal court of Bayfield county, provides, among other things, that in case the municipal judge is disqualified to act in any case he shall call in a justice of the peace of the county or the judge of the municipal court of the county, or transfer the case to the circuit court; that appeals from justices' courts may be to such municipal court; that appeals from such municipal court shall be to the circuit court for Bayfield county, and, when not otherwise provided, the law relating to appeals from justices' courts shall apply, and that in appealed cases tried in such municipal court on the record of the court below, or any question of law or fact appearing in such record, the judge of such court shall be entitled to $10 and no more as fees. On an appeal to such municipal court from a judgment rendered in a justice's court it appeared that the judge of that court was incompetent by reason of having acted as attorney for the plaintiff, whereupon a justice of the peace was called in and a trial had upon the record of the justice's court, resulting in a judgment for plaintiff.

Defendant, for the purpose of appealing, presented to the municipal judge, in due form, notice of appeal, affidavit and undertaking, paid him only the fees prescribed by sec. 3754, Stats. (1898), and the municipal judge, in due form, certified the papers to the circuit court. The circuit court, on motion, dismissed the appeal for the reasons that the appeal papers were not presented to the justice who, acting as municipal judge, rendered judgment, and for failure to pay the $10 required in such cases as the fees of such acting judge. *Held*, that the circuit court erred in dismissing the appeal, since (1) the appeal papers were properly presented to the municipal judge as the custodian of the record, and his incapacity to act did not militate against his receiving such papers and transmitting them to the appellate court, such acts being purely clerical and ministerial in character; (2) the $10 fee did not necessarily all go to the justice called in to act as municipal judge, but was to be divided between him and the municipal judge, and its payment might be waived by the municipal judge, of which the adverse party had no reason to complain, the municipal judge being liable only to the justice for any proper division of such fee.

2. In such case the jurisdiction of the circuit court on such appeal is *held* to have attached upon the return made thereto regardless of the payment of such fee.

APPEAL from an order of the circuit court for Bayfield county: JOHN K. PARISH, Circuit Judge. *Reversed.*

The action was commenced in justice's court. Judgment was there rendered in favor of defendant. Plaintiff duly appealed to the second municipal court of Bayfield county. The judge of said court being incompetent to preside at the trial by reason of having acted as attorney for plaintiff in the justice's court, in conformity to law made an order calling in J. W. Fowler, a justice of the peace, to act as municipal judge. The cause was tried in said court on the record of the court below, the judgment appealed from being less than $15, said Fowler presiding as municipal judge. A judgment in favor of the plaintiff was rendered. The defendant for the purpose of appealing presented to the municipal judge to be filed as a part of the record in the case, and which were so filed, a notice of appeal, affidavit and under-

taking in due form under the statute in relation to appeals from justices' courts, and paid him $1 for making a transcript of the docket and $1 for state tax and $2 for advance clerk's fees. He, in due form, certified the papers in the case to the circuit court. In due time plaintiff's attorney moved such court for a dismissal of the appeal because the appeal papers were not presented to the justice who, acting as municipal judge, rendered the judgment, and did not pay the $10 required in such cases as fees of such acting judge. The motion was granted.

The municipal court aforesaid was created by ch. 286, Laws of 1899. Such chapter in terms or effect provides, among other things, as follows: In case of the municipal judge being disqualified to act in any case, he shall call in a justice of the peace of the county, or the judge of the municipal court of said county, or transfer the case to the circuit court. Appeals from justices' courts shall be to the municipal court. Appeals from the municipal court shall be to the circuit court for Bayfield county, and when not otherwise provided the law relating to appeals from justices' courts shall apply. In appealed cases tried in the municipal court on the record of the court below or any question of law or fact appearing in said record, the judge of said court shall be entitled to $10 and no more as fees.

The papers used on the motion to dismiss were to the effect that the ten-dollar fee was neither paid nor waived.

The cause was submitted for the appellant on the brief of *C. F. Morris,* and for the respondent on that of *A. R. Mead, in pro. per.*

MARSHALL, J. As seen by the statement, sec. 3754, Stats. (1898), relating to appeals from justices' courts, governs appeals from the municipal court in question, except as such section is departed from by the law creating the latter.

Sec. 3754 provides that for a person to appeal from a

judgment in justice's court he must present specified papers "to the justice before whom the action was tried, or his suc-. cessor in office, or any other justice then lawfully having custody of the docket containing such judgment," and at the same time pay him "his fees in the action, together with one dollar for his return and one dollar for state tax and two dollars for clerk's fees for the clerk of the court appealed to. . . ."

It seems plain that the quoted language contemplates, in every case of an appeal from justice's court, that the appeal papers shall be presented to the justice having possession of the docket containing the record of the judgment and the papers in the case and so capable of transmitting such papers and a copy of such docket to the appellate court.

The municipal court act, unlike the law relating to justices' courts, does not contemplate, in case of the municipal judge being incompetent to hear a case brought in or removed to his court, that such case shall necessarily be sent to some other judicial officer for trial, new docket entries be made, and such officer possess the record of the case and the papers. The purport of such act is that for all purposes, except that of the trial and proceedings in the case of a discretionary nature connected therewith, which the municipal judge is incompetent to perform or participate in, he is to retain absolute control of the record and papers therein. Upon his calling in another officer for the trial or some judicial proceedings requiring discretion in respect thereto, such officer is clothed with the power of the judge of the court in the case for that purpose. Upon the trial being concluded and judgment perfected, the records and papers, necessarily, remain under the control of the municipal judge.

It follows, as it seems, that in case of an appeal the papers in that regard must be presented to the municipal judge as custodian of the record. His incapacity to act as judge in the case does not militate against his receiving such papers

and transmitting them to the appellate court, since such acts are purely of a clerical and ministerial character. So on this branch of the case the order dismissing the appeal cannot be sustained.

The language of the statute relating to payment of justice's fees at the time of taking an appeal does not exactly fit the situation presented in case of an appeal from a judgment rendered in the municipal court by a person called in to preside, as in the instance before us. It seems that the municipal court act does not contemplate in a case of this sort any judge's fee bill. A sum in gross of $10 is allowed. That is evidently to cover all ministerial acts done by the municipal judge, such as filing the papers on the appeal to his court, and making the necessary docket entries up to and inclusive of the entry of the order calling in another officer to take charge of the case. It does not seem that the ten-dollar fee, necessarily, all goes to the one called in. Such part as appertains to mere ministerial service, which the municipal judge in any event must perform, probably belongs to him, and such part belongs to the officer called in to take charge of the case as is incident to the duties performed by him. How the division is to be made is not pointed out in the law, and we need not deal with the matter at this time. Probably, primarily, the law leaves the matter of making the division to the municipal judge and the one called in. But let that be as it may, it seems clear that the ten-dollar court fee stands for the justice's fees required to be paid under sec. 3754, Stats. (1898), and that a substantial portion thereof goes to the trial officer.

It is contended that since the court fee did not belong wholly to the municipal judge it was not competent for him to make a return on the appeal in advance of payment thereof, as was held might be done in case of an appeal from justice's court in *Golling v. Harder,* 14 Wis. 86. It was there decided that neither payment of the justice's fees nor payment

of the state tax at the time of appealing from a justice court judgment is essential to the jurisdiction of the appellate court. Such holding is based on sec. 3763, Stats. (1898), providing that "no justice shall be bound to make a return unless his fees, the state tax and the two dollars clerk's fees be paid as prescribed by sec. 3754 at the time of the service of the notice of appeal." It was said in effect that such language contemplates that jurisdiction of the appellate court will' attach upon a return being made thereto regardless of the payment of fees; that if the justice waives his fees the adverse party on the appeal has no reason to complain, since the justice may do what he likes with his own, and if he fails to perform his duty as to collecting fees belonging to others he makes himself liable, and that in any event such adverse party is not injured and so has no reason to complain. We do not perceive why that does not rule this case in favor of the appellant.

*By the Court.*—The order appealed from is reversed, and the cause remanded for further proceedings according to law.