PALIN, Respondent, vs. PROBERT and another, Appellants.

*October 23—November 10, 1908.*

*Unlawful detainer: Appeal from municipal court: Requisites and proceedings for transfer of the cause.*

1. Sec. 3368, Stats. (1898), governing appeals in unlawful detainer actions, provides that such appeals may be taken as in other cases of appeal from justices' courts, that in order to stay proceedings an undertaking shall be filed, and that *"upon taking such appeal* and filing such undertaking" all proceedings shall be stayed; and sec. 3754, which governs appeals in other cases,

in addition to other requirements, provides that the appellant "*must*, at the time of taking such appeal" and filing the appeal papers with the justice, pay him his fees, together with his fee for the return, the state tax, and the fees for the clerk of the appellate court. In an action on an undertaking on appeal from a judgment of restitution in an unlawful detainer action it appeared that the appellant had neglected to pay such fees. *Held*, that nevertheless the appeal was fully perfected and the undertaking became effective.

2. The provisions of sec. 3754, Stats. (1898), as to payment of fees are not mandatory, nor is such payment a jurisdictional fact, but an effective return may be made by the justice without their payment having in fact been made.

3. Such rule is not affected by the fact that the appeal is taken from a judgment of a municipal court whose judge is placed on a salary, and who is required to collect the ordinary justice's fees and pay them into the public treasury, since it rests with the public authorities to apply the proper remedy for any neglect of the judge of such court to collect such amounts.

APPEAL from an order of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Affirmed*.

For the appellants there were briefs by *Ryan, Merton & Newbury,* and oral argument by *E. Merton*.

The cause was submitted for the respondent on the brief of *C. E. Armin*.

WINSLOW, C. J. This is an appeal from an order overruling a general demurrer to the complaint. It was alleged in the complaint that in an unlawful detainer action brought by the plaintiff against one Howitt in the municipal court for the eastern district of Waukesha county the plaintiff recovered judgment for the restitution of certain premises, with costs; that on the following day Howitt duly filed a notice and affidavit for an appeal, together with an undertaking signed by the defendants as sureties, conditioned to pay the costs of the appeal and pay all rent and other damages accruing to the plaintiff pending the appeal; that said Howitt failed at any time to pay the costs required to be paid by

law in order to perfect his appeal, and said appeal lapsed, but that the execution of the judgment was stayed by the giving of the undertaking, whereby the plaintiff was damaged by losing the rent of the premises for twenty days, and judgment was demanded for the amount so lost. The defendants claim that the appeal was never perfected by the payment of the costs and other items required to be paid by sec. 3754, Stats. (1898), and hence that the proceedings were never stayed by the undertaking, but that the writ of restitution might have been issued at any time. The argument is that there must be a fully perfected appeal before the undertaking becomes effective to stay proceedings, and that until the payment of the items aforesaid there is in fact no appeal.

Sec. 3368, Stats. (1898), provides that the appeal in unlawful detainer actions may be taken as in other cases of appeal from justices' courts, and that in order to stay proceedings an undertaking such as was given here shall be filed, and, further, that "*upon taking such appeal* and filing such undertaking" all proceedings shall be stayed. Sec. 3754, Stats. (1898), which governs appeals in other cases, requires the filing of a notice and affidavit of good faith, and further provides that the appellant "*must,* at the time of presenting" such papers to the justice, pay him his fees, together with $1 for the return, $1 for state tax, and $2 clerk's fees for the clerk of the appellate court.

The argument that this requirement is mandatory, and that full compliance with it is necessary in order to make the appeal effective for any purpose, would be strong were it not for the provisions of sec. 3763, Stats. (1898), and the construction placed upon the two sections [secs. 3754, 3763, Stats. 1898] by the case of *Golling v. Harder,* 14 Wis. 86. The last-named section provides that the justice shall not be bound to make his return unless his fees and the other amounts named are paid at the time of the service of the no-

tice of the appeal, and it was held in the *Golling Case* that
this provision clearly showed that the payment of the fees
and tax were not jurisdictional facts, but that the justice
might make an effective return without the payment having
been made.    It was there said that by the last-named provi-
sions "the legislature have recognized the existence of the ap-
peal independent of such payment," and, further, that the
justice's own fees "are always subject to his control, and, if
he neglects his duty as to the [state] tax, it rests with the
public authorities to apply the proper remedy."    This con-
struction was followed in the very recent case of *Mead v.
Simpson,* 134 Wis. 451, 114 N. W. 821, and it seems to be
decisive of this case.    If the appeal existed independent of
the payment, as held in the *Golling Case,* then the undertak-
ing became effective and stayed proceedings.    It is true that
the judge of the municipal court in which the action was
tried is placed upon a salary by the terms of the act creating
the court, and that he simply collects the ordinary justice's
fees, and is required to pay them into the public treasuries of
the city and county of Waukesha in certain proportions (sec.
13, ch. 91, Laws of 1897), but this does not affect the ques-
tion, because, as held in the *Golling Case,* if he neglects his
duty as to the amounts which he is required to collect as a
public agent (in that case the state tax), "it rests with the
public authorities to apply the proper remedy."

*By the Court.*—Order affirmed.